UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>          Petitioner,<br><br>   v.<br><br>T. TAYLOR,<br><br>          Respondent. | Case No. 1:24-cv-01212-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>(Doc. 12)<br><br>**7-Day Deadline** |

      Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On October 8, 2024, Petitioner filed the instant habeas petition while in custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution, Mendota ("FCI Mendota"), in Mendota, California. (*Id.*). Petitioner is currently in the custody of the Bureau of Prisons at FCI Mendota. (*Id.*).

      On October 11, 2024, the Court issued an order directing respondent to file a response to the petition within 60 days of the date of service of the order. (Doc. 5). On December 5, 2024, the Court was informed that the filings in this matter inadvertently were not served on or otherwise provided to the U.S. Attorney's Office until this date. (Doc. 11). Thus, the Court extended the deadline for Respondent's response addressing the merits or seeking dismissal of the petition by 60 days, through and including February 5, 2025. (*Id.*).

**Respondent's Motion for Extension of Time**

Pending before the Court is Respondent's motion for an extension of time to file a response to Petitioner's § 2241 petition, filed on February 5, 2025. (Doc. 12). Respondent requests an extension of time to March 24, 2025, in which to file its response. (*Id.*). Respondent attaches the declaration of Assistant United States Attorney ("AUSA") Michelle Rodriguez in support of the motion. (*Id.* at 2). AUSA Rodriguez declares that the response is currently due February 5, 2025. (*Id.*). She declares that Respondent has reviewed the petition and personnel from the office have requested necessary documents from BOP which have not yet been received. (*Id.*). She declares that BOP has indicated additional time is needed to provide Respondent with the necessary documents pertaining to Petitioner, and due to BOP's voluminous caseload and the First Step Act, document requests take longer to receive. (*Id.*). She declares that Petitioner is currently in the custody of BOP with a projected release date of March 16, 2031. (*Id.*). Thus, Respondent asks the Court to grant the requested extension to allow time to obtain information from BOP, review the law governing this case, and to draft an appropriate response. (*Id.*).

In the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d). Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added). Here, having had at least 60 days within which to obtain necessary materials to research, draft and file a responsive pleading, it unquestionably was apparent to counsel before the deadline to file the response that an extension of the filing deadline was necessary.

With this order, the undersigned now has admonished AUSA Rodriguez on at least four occasions to exercise better care in anticipating the need to request an extension of time and to file such requests before the terminal filing date that Respondent seeks to extend. *See Hill v. Trate*, No. 1:22-cv-01433-KJM-CDB (Doc. 21, dated 9/6/2024; Doc. 17 dated 7/10/2024); *Terrell v. Trate*, No. 1:22-cv-00305-CDB (Doc. 11, dated 10/31/2022).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in

the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Consistent with this, the Court of Appeals long has affirmed the district court's discretion to impose sanctions intended to coerce a noncompliant party into compliance with court orders. *See, e.g., Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished). Accord *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of daily sanctions to coerce compliance with court order).

Based on AUSA Rodriguez's pattern of disregarding the Court's orders to forbear from filing requests to extend deadlines on the terminal date sought to be extended, the Court finds the imposition of sanctions may be warranted to coerce her compliance with those same orders.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of entry of this order, counsel for Respondent shall show cause in writing why sanctions should not be imposed for her repeated failure to comply with this Court's orders to abide by Local Rule 144.

Any failure by counsel for Respondent to timely respond to this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **February 6, 2025**                    _____
                                               UNITED STATES MAGISTRATE JUDGE

3