UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>T. TAYLOR,<br><br>　　　　Respondent. | Case No. 1:24-cv-01212-CDB (HC)<br><br>ORDER DIRECTING FURTHER RESPONSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>(Docs. 12-14)<br><br>**3-Day Deadline** |

　　　　Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

　　　　On the deadline for Respondent to file a response to Petitioner's § 2241 petition (February 5, 2025), Respondent instead filed a request for extension of time to file a response.  (Doc. 12).  The Court issued an order to show cause why sanctions should not be imposed, noting that on three prior occasions, the undersigned has admonished counsel for Respondent, Assistant United States Attorney ("AUSA") Michelle Rodriguez, to refrain from requesting the Court to extend filing deadlines on the same day the filing is due, in violation of Local Rule 144.  (Doc. 13).  The Court noted that this district's local rules expressly provide that such last-minute requests are disfavored and requires parties to seek extensions "as soon *as the need for an extension becomes apparent*."  *Id.* at 2 (quoting Local Rule 144(d)) (emphasis in original).

In her response to the show cause order, AUSA Rodriguez expresses "regret[] that the 'disfavor' policy was violated" by her filing of a motion to extend time to respond to the petition on the deadline for the responsive pleading. (Doc. 14). However, AUSA Rodriguez seeks to explain and excuse the tardy filing by attributing the delay to the complexities involved in gathering and reviewing information from various BOP and state agency personnel necessary to the preparation and filing of a pleading responsive to a habeas petition. *Id.* In the instant case, given her discovery shortly before the filing deadline that BOP was awaiting receipt of documents necessary to preparing a responsive pleading, AUSA Rodriguez attests that she "had no option other than to file an extension request when it became clear that filing a substantive response would not be possible." *Id.*

While the undersigned is aware of and sensitive to the fact that the U.S. Attorney's Office routinely requires third parties to provide it with documents to enable it to prepare a responsive pleading, it simply is not the case that AUSA Rodriguez under the circumstances of this case or the three other cases noted in the Court's show cause order (Doc. 13 at 2) that she had "no option" but to file an *ex parte* motion for extension on the deadline sought to be extended, in violation of Local Rule 144(d). In particular, because unquestionably "the need for an extension bec[a]me[] apparent" no later than the day before the deadline to file a responsive pleading (given BOP had not provided the U.S. Attorney's Office with documents necessary to the preparation of the filing), AUSA Rodriguez had the option of filing the request for extension at least one day (if not more) before the deadline. Indeed, to avoid the inevitable granting (or denying) of disfavored *nunc pro tunc* relief, this is precisely what Local Rule 144(d) requires.

Because it is not apparent to the undersigned based on AUSA Rodriguez's response to the show cause order that she interprets Local Rule 144(d) similarly or maintains it was not apparent that a filing extension was necessary at least the day before the filing deadline, the Court will require a further response from Respondent to the order to show cause. In the response, Respondent will be directed to clarify whether it was apparent no later than February 4, 2025, that an extension of the filing deadline was necessary such that the requesting of an extension should have been made no later than that date.

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that within three (3) days of entry of this order, counsel for Respondent shall file a further response in writing why sanctions should not be imposed for her repeated failure to comply with this Court's orders to abide by Local Rule 144. Respondent's filing shall address whether it was apparent no later than February 4, 2025, that an extension of the filing deadline was necessary such that the requesting of an extension should have been made no later than that date.

Any failure by counsel for Respondent to timely respond to this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **February 18, 2025**

UNITED STATES MAGISTRATE JUDGE

3