1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   LUKNER BLANC,                             | Case No. 1:24-cv-01212-CDB (HC)

12                    Petitioner,              | ORDER GRANTING RESPONDENT'S MOTION
                                               | TO EXTEND TIME *NUNC PRO TUNC* TO
13           v.                                | RESPOND TO PETITION

14   T. TAYLOR,                                | (Doc. 12)

15                    Respondent.              | ORDER DISCHARGING ORDER TO SHOW
                                               | CAUSE
16
                                               | (Doc. 13)
17

18

19          Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma*

20   *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

21          On February 7, 2025, this Court entered an order to show cause why sanctions should not be

22   imposed for counsel for Respondent's untimely filing of a motion to extend the deadline to respond to

23   the petition, filed on the date of the deadline sought to be extended. *See* (Doc. 13).  The Court noted in

24   its order that on three prior occasions, the undersigned has admonished counsel for Respondent,

25   Assistant United States Attorney ("AUSA") Michelle Rodriguez, to refrain from requesting the Court

26   to extend filing deadlines on the same day the filing is due, in violation of Local Rule 144.  (Doc. 13).

27   The Court noted that this district's local rules expressly provide that such last-minute requests are

28

                                                  1

1  disfavored and instead requires parties to seek extensions "as soon *as the need for an extension becomes*

2  *apparent*."  *Id.* at 2 (quoting Local Rule 144(d)) (emphasis in original).

3       In her response to the show cause order, AUSA Rodriguez offered explanations for the delay

4  and represented that she "had no option other than to file an extension request when it became clear that

5  filing a substantive response would not be possible."  (Doc. 14).  Because the Court was not persuaded

6  that AUSA Rodriguez's explanations excused the delay, the Court entered a further order requiring

7  Respondent to clarify whether it was apparent no later than February 4, 2025, that an extension of the

8  filing deadline to respond to the petition was necessary such that the requesting of an extension should

9  have been made no later than that date.  (Doc. 15)

10       Pending before the Court is Respondent's further response to the show cause order.  (Doc. 16).

11  In it, AUSA Rodriguez's supervisor attests that the need to file a motion for an extension of time was

12  not known until the day Respondent's response was due (February 5, 2025).  In short, and giving every

13  favorable gloss to Respondent's explanation, it appears that counsel for Respondent anticipated being

14  able to timely file their response to the petition on the date of the deadline but were unable to obtain

15  documents necessary for the filing and, hence, filed a request for extension instead.  The supervisor

16  attests that the U.S. Attorney's Office is working to identify ways in which the need for an extension

17  can be anticipated as soon as possible.  *Id.* at 3.

18       In this unique circumstance, the Court finds good cause to grant the extension requested,

19  notwithstanding it constitutes a "disfavored" form of retroactive relief.  *See* Local Rule 144.

20  Specifically, the Court assesses that in virtually all § 2241 habeas corpus cases, counsel preparing a

21  response to a petition knows *at least* the day before the filing deadline whether they are reasonably likely

22  to be able to make the anticipated filing timely.  Particularly when it is known that documents to be filed

23  as accompaniments to the response are not in-hand the day prior to the filing deadline and possibly in

24  the exclusive possession or control of a third-party, counsel's only available recourse to act consistent

25  with Local Rule 144 is to file a timely request for extension -- not wait until the day of the filing deadline

26  with fingers crossed that the necessary documents become available.  The undersigned offers this

27  observation to clarify any misconception by counsel for Respondent that Local Rule 144 countenances

28

a party waiting until the day of a filing deadline to seek an extension of time when it is unclear at least the day prior whether the pleading to be filed in fact will be ready for filing.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the Court's order to show cause (Doc. 13) is discharged without imposition of sanctions.

And IT IS FURTHER ORDERED that Respondent's *ex parte* motion for extension of time (Doc. 12) is GRANTED, and that Respondent shall file its response to the petition no later than March 24, 2025.

IT IS SO ORDERED.

Dated:    **February 26, 2025**

UNITED STATES MAGISTRATE JUDGE