UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>        Petitioner,<br><br>   v.<br><br>T. TAYLOR,<br><br>        Respondent. | Case No. 1:24-cv-01212-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO COMPLY WITH LOCAL RULES AND TO OBEY A COURT ORDER<br><br>(Docs. 5, 18)<br><br>**14-DAY DEADLINE** |

       Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On October 11, 2024, because the Court found Petitioner's petition properly cognizable under § 2241, and the Court has jurisdiction to proceed to the merits of the petition, the Court ordered Respondent to file a response addressing the merits or seeking dismissal of the petition within 60 days of the date of service of the order. (Doc. 5 at 2). Petitioner was ordered therein to file a traverse, if any, on or before 30 days from the date Respondent's Answer is filed, *i.e.*, April 23, 2025. (*Id.*). The parties were advised that all provisions of Local Rule 110 are applicable to the order. (*Id.* at 3); *see* E.D. Cal. Local Rule 110. Respondent timely filed a motion to dismiss the habeas petition on March 24, 2025. (Doc. 18).

       Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

1

imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Petitioner's traverse or statement of non-opposition to Respondent's pending motion to dismiss was due on or before April 23, 2025. Petitioner has failed to file either a traverse or statement of non-opposition to the pending motion, and the time to do so has now passed.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is ORDERED to show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein, Alternatively, Petitioner may comply with this order by filing by that same deadline either a traverse or a statement of non-opposition to the pending motion to dismiss filed on March 24, 2025 (Doc. 18). **Any failure by Petitioner to timely respond to this Order may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 30, 2025**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE