UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>    Petitioner,<br><br>    v.<br><br>T. TAYLOR,<br><br>    Respondent. | Case No.: 1:24-cv-01212-KES-CDB (HC)<br><br>ORDER DISCHARGING APRIL 30, 2025, SHOW CAUSE ORDER<br><br>(Doc. 19) |

Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On October 11, 2024, because the Court found Petitioner's petition properly cognizable under § 2241, and the Court has jurisdiction to proceed to the merits of the petition, the Court ordered Respondent to file a response addressing the merits or seeking dismissal of the petition within 60 days of the date of service of the order. (Doc. 5 at 2). Petitioner was ordered therein to file a traverse, if any, on or before 30 days from the date Respondent's Answer is filed, *i.e.*, April 23, 2025. (*Id.*). The parties were advised that all provisions of Local Rule 110 are applicable to the order. (*Id.* at 3); *see* E.D. Cal. Local Rule 110.

Respondent timely filed a motion to dismiss the habeas petition on March 24, 2025. (Doc. 18). After Petitioner failed to file either a traverse or statement of non-opposition to the pending motion, on April 30, 2025, the Court ordered Petitioner to show cause in writing within 14 days of

the date of service of the order why this action should not be dismissed for Petitioner's failure to comply with the Local Rules and obey a Court order. (Doc. 19). Petitioner was provided the opportunity to comply with the order in the alternative by filing by that same deadline either a traverse or a statement of non-opposition to the pending motion. (*Id.* at 2).

On May 27, 2025, in a filing dated May 18, 2025, the Clerk of the Court docketed on Petitioner's behalf his opposition to the pending motion to dismiss. (Doc. 21). Petitioner's filing is both an untimely opposition to Respondent's motion to dismiss and an untimely response to the Court's show cause order. In his filing, Petitioner neither acknowledges the order to show cause nor explains why sanctions are unwarranted given its untimeliness. Nevertheless, in light of Petitioner's filing and his earlier filing dated May 7, 2025, which suggests Petitioner did not timely receive either the motion to dismiss or the show cause order, the Court finds good cause to discharge its order to show cause without imposition of sanctions.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the April 30, 2025, show cause order (Doc. 19) is DISCHARGED.

IT IS SO ORDERED.

Dated: __**May 28, 2025**__                    _____
                                                UNITED STATES MAGISTRATE JUDGE

2