UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>        Petitioner,<br><br>    v.<br><br>T. TAYLOR,<br><br>        Respondent. | Case No.: 1:24-cv-01212-KES-CDB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(Doc. 23)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITIONER'S § 2241 HABEAS PETITION WITH PREJUDICE<br><br>(Doc. 18)<br><br>**14-DAY OBJECTION PERIOD** |

       Petitioner Lukner Banc ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(17).

       On October 11, 2024, because the Court found Petitioner's petition may be cognizable under § 2241, and the Court has jurisdiction to proceed to the merits of the petition, the Court ordered Respondent to file a response addressing the merits or seeking dismissal of the petition. (Doc. 5). On March 24, 2025, Respondent filed a motion to dismiss the petition. (Doc. 18). On May 27, 2025, in a filing dating May 18, 2025, the Clerk of the Court docketed on Petitioner's behalf his opposition to the pending motion to dismiss. (Doc. 21). Respondent did not file a reply.

The undersigned deems the motion suitable for resolution without hearing and oral argument. *See* E.D. Cal. Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Respondent's motion to dismiss be granted.[1]

## I. Order Denying Motion for Appointment of Counsel

First, pending before the Court is Petitioner's motion for the appointment of counsel, filed on June 11, 2025. (Doc. 23). In support of his motion, Petitioner advances the grounds that it is "highly unlikely that [he] will be able to respond and receive notices or actions from the government or the court on time" and appointment of counsel here "would not prejudice the government and will provide [him] with a fair opportunity to argue for relief." *Id.* at 1.

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks habeas relief when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[2]

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of the proceedings. The case is presently on Respondent's motion to dismiss the petition, and a case record has not yet been developed. Furthermore, Petitioner has

---

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(17).

[2] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

not shown any exceptional circumstances warrant the appointment of counsel at this stage. Petitioner's proffered difficulties in presenting this case without the assistance of counsel is shared with many other habeas petitioners. Further, Petitioner's contention that he is unlikely to be able either timely respond and receive notices or actions from the government or the Court is not persuasive as the record reflects that Petitioner, in fact, has received the Court's orders, Respondent's pending motion to dismiss, and has timely responded as reflected on the docket. *See* (Doc. 22) (order discharging April 30, 2025, show cause order based on Petitioner's filing of objections to the pending motion to dismiss); (Doc. 21) (Petitioner's objections to the motion to dismiss). Further, Petitioner already has notified the Court of his delayed receipt and transmittal of mail and the Court has recourse to granting extensions of time to eliminate any prejudice Petitioner may suffer on account of his incarcerated status. Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

The undersigned now turns to the pending motion to dismiss Petitioner's habeas petition.

## II. Background

### A. Relevant Background[3]

#### 1. *State Proceedings*

On October 29, 2012, the Palm Beach County Sheriff's Office arrested Petitioner in Palm Beach County, Florida, for prior state offenses and warrants related to a homicide outside of a suburban nightclub and an investigation commenced by the State of Florida. (Doc. 21 at 9); (Doc. 18 at 2); Hodge Decl. ¶ 4. Through conduct stemming from that arrest, Petitioner was charged in an additional case (Palm Beach County, Florida Case No. 12-CF-11680) *inter alia* with being a felon in possession of a firearm and was sentenced in that case on March 1, 2018, in effect, to time served. (Doc. 18 at 2); Hodge Decl. ¶¶ 4, 8.

---

[3] The following background is drawn from allegations in Petitioner's pro se memorandum of law in support of his § 2241 habeas petition (Doc. 1 at 9-15), Respondent's motion to dismiss (Doc. 18), and the declaration of Veronica Hodge in support of the motion to dismiss (Doc. 18-1, "Hodge Decl.").

3

On November 28, 2012, in another state case (Palm Beach County, Florida Case No. 12-CF-12804), Petitioner was further charged for conduct while he was out of custody on that same date and was later convicted for felony fleeing and attempting to elude law enforcement. (*Id.*); Hodge Decl. ¶ 4. For this criminal conduct, on March 1, 2018, Petitioner received, in effect, another time served sentence. (*Id.*).

On January 14, 2013, Petitioner was convicted *inter alia* in a prior outstanding state case (Florida Case No. 10-CF-13745), which charged Petitioner on November 30, 2010, as a felon in possession of a firearm, and Petitioner received a two-year sentence, service of which was completed on February 28, 2013. (*Id.*).

2.   *Federal Proceedings*

While in custody with the State of Florida, on July 15, 2014, an indictment was returned in the Southern District of Florida charging Petitioner and others with various offenses, including conspiracy, receipt of stolen property, wire fraud, and aggravated identity theft, stemming from allegations that Petitioner participated in a scheme to file fraudulent tax returns using stolen identities. *See United States v. Blanc et al.*, No. 9:14-cr-80114-CMA (S.D. Fla.); (Doc. 18 at 2); (Doc. 1 at 10). During the federal proceedings, on August 19, 2014, the United States District Court for the Southern District of Florida (West Palm Beach) ("SDFL") granted the federal government's petition for writ of habeas corpus ad prosequendum ("WHCAP"), and Petitioner was "loaned" to SDFL through the United States Marshal Service. (Doc. 1 at 10) (citing *id.* at 19, "Ex. A") (criminal docket sheet for Case No. 9:14-CR-80114-DTKH-1); (Doc. 18 at 2) (citing SDFL 14-cr-80114 Doc. 15).[4] Petitioner pleaded not guilty, proceeded to trial, and a detainer was lodged to hold him without bond. (*Id.*). Following a jury trial, on April 22, 2015, Petitioner was convicted. (Doc. 18 at 2). Thereafter, on January 4, 2016, Petitioner was sentenced *inter alia* to serve 192-months imprisonment in a designated Bureau of Prisons ("BOP") facility. (*Id.*); (*see* Doc. 1 at 11).

Between August 21, 2014 (the date the WHCAP was executed) and March 1, 2018 (when Petitioner completed his multiple Florida state incarceration debts), Petitioner was in federal

---

[4] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

1   custody, *i.e.*, "borrowed" by the United States Marshals Service on loan and comity under the
2   WHCAP. (Doc. 18 at 2); Hodge Decl. ¶¶ 5, 8 (citing Doc. 18-1, Attachment 8). During the
3   WHCAP loan period, Petitioner received credit for the custody time against his state incarceration
4   debts. (Doc. 18 at 3); Hodge Decl. ¶ 8; *see* Doc. 81-1, Attachments 11 & 13 (reflecting credit for
5   time served toward state court-imposed sentence during Petitioner's WHCAP period).[5] Petitioner's
6   service of his federal sentence began on March 1, 2018 (the date Petitioner completed his Florida
7   state incarceration debts by time served sentences in the state court criminal cases) and the date he
8   became an exclusive federal inmate. (Doc. 18 at 3); Hodge Decl. ¶ 9. Petitioner has a projected
9   release date of March 16, 2032. (*Id.*); (*see* Doc. 18-1, Attachment 14).

Following sentencing, Petitioner filed a direct appeal. (Doc. 1 at 11). On April 27, 2017, in a per curium, unpublished opinion, the U.S. Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction (*United States v. Placide*, 686 Fed. Appx. 803), and on November 13, 2017, the U.S. Supreme Court denied a petition for writ of certiorari (138 S.Ct. 458). On June 19, 2020, Petitioner's motion in the Southern District of Florida to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was denied, with a certificate of appeal denied on March 17, 2021. (*Id.*).

Following Petitioner's exhaustion of formal administrative remedies under 28 C.F.R. 542.10(a), Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence rather than the imposition of the sentence imposed on January 4, 2016, by the United States District Court for the Southern District of Florida. (*Id.* at 11-12).

**B.   Petitioner's § 2241 Habeas Petition**

1.   *§ 2241 Habeas Petition*

Petitioner filed the instant habeas petition while in custody of the BOP at Federal Correctional Institution, Mendota ("FCI Mendota"), in Mendota, California, where, as of the filing

---

[5] Although Respondent asserts that "Petitioner was in state custody" during the entire WHCAP "loan period" (Doc. 18 at 2-3), that either is an inadvertent error or otherwise incorrect. *See* Hodge Decl. Attachment 13 (memorandum of Florida Department of Corrections noting that Petitioner "was never delivered to the Department's custody.").

5

of Respondent's motion to dismiss, he remains in custody. (Doc. 1; Hodge Decl. ¶ 3).

Petitioner argues that he should receive credit for time served in federal custody from the date a writ of habeas corpus ad prosequendum was issued (August 19, 2014) through his sentencing on March 1, 2018. (*Id.* at 12). According to Petitioner, the BOP has declined to award the time credit Petitioner requested through the formal administrative remedy process. (*Id.*).

Petitioner asserts two grounds in his petition. First, Petitioner asks the Court consider "whether Petitioner is entitled to credit against his federal sentence for time spent in federal custody pursuant to a wrie of habeas corpus ad prosequendum granted on August 19, 2014." (*Id.* at 6). And second, "whether granting [Petitioner's] motion to withdraw the sentence in the state court allowed Petitioner to receive credit for time served for all time spent in the county from the date of arrest." (*Id.*). Petitioner alleges that the "state judge granted Petitioner['s] motion to withdraw any and all plea that had result in a sentence" and "[p]ursuant to 18 U.S.C. 3585(b)[,] Petitioner should be entitled to receive credit for all time spent in official detention. (*Id.*).

In response to the § 2241 form question asking if there are any grounds that Petitioner did not present in all appeals that were available to him, he explains that "[p]ursuant to the First Step Act of 2018[,] federal inmates sentencing computation data is being re-calculated to reflect FSA credit" and "Petitioner did not receive the new computation until [January 24, 2023]." (*Id.* at 7).

In his request for relief, Petitioner asks the Court to grant him credit for time served from the date he was turned over to federal custody "as it shows in the computation sheet data as [the] date of [the] offense." (*Id.*). The petition is signed and dated October 1, 2024. (*Id.* at 8).

      2.    *Petitioner's Pro Se Memorandum in Support of the Petition*

In Petitioner's pro se memorandum in support of his § 2241 petition for writ of habeas (*id.* at 9-15), he argues that he should receive credit for time served in federal custody from the date the writ of habeas corpus ad prosequendum was issued (August 19, 2014) through his sentencing on March 1, 2018, which the BOP had declined to award him through the formal administrative remedy process. (*Id.* at 12).

Petitioner argues that record does not show that federal officials "ever returned [him] to state custody after the federal sentencing on January 4, 2016" following Petitioner's time in federal

6

custody pursuant to the writ of habeas corpus ad prosequendum issued on August 19, 2014, and "thus the BOP should ha[ve] awarded [him] jail time credit for his time in federal custody through March 1, [2018]." (*Id.* at 13-14) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of adjudication is only temporary. The prisoner should be returned to state custody at the completion of the federal proceedings or the federal sentence, if the federal government wishes to execute it immediately.")). Petitioner contends that he was not in state custody serving a state sentence when the federal writ of habeas corpus ad prosequendum was executed and that "in state court, the state judge granted Petitioner's Motion to withdraw any plea, and sentence that would prevent [him] to receive credit for time served from the date of arrest Oct. 29, [2012] against his federal sentence, such as of today the time spent in official detention prior to [being] transferred to federal prison[] has not counted towards any other sentence." (*Id.* at 14) (citing *id.* at 36-48, "Ex. C"). Petitioner therefore argues that pursuant to 18 U.S.C. § 3583(b), the BOP "did not properly execute the computation of [his] sentence" through his formal requests and during the administrative remedy process "to execute sentencing computation after receipt of 'Sentencing Monitoring Computation Data' on January 24, 2023." (*Id.*).

### III. <u>Governing Authority</u>

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*,

1   785 F.3d 367, 370 n.3 (9th Cir. 2015).

2   Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4.[6] The Advisory Committee Notes to Habeas Rule 4 provide that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Habeas Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). A district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (quoting Rule 4).

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and quotation omitted). Any exhibits attached to the petition are "part of the pleading for all purposes." *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

Pursuant to 18 U.S.C. § 3585, the BOP is tasked with computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992). The BOP is responsible for determining the commencement date of the sentence, whether any credit should be awarded for time spent in custody before the sentence commenced, and whether credit for "good time" is warranted. *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam); *Tompkins v. Graber*, No. CV14-0222 PHX DGC, 2015 WL 1536289, at *5 (D. Ariz. Apr. 6, 2015) (citing 18 U.S.C. § 3585(a) and (b)).

"'[A] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'" *Schleining v. Thomas*, 642 F.3d 1242, 1243–44 (9th Cir. 2011) (quoting 18 U.S.C. § 3585(a)). Thus, "a federal sentence cannot begin *before* the defendant has been sentenced in federal court." (*Id.*) (adopting reasoning of *United*

---

[6] The Rules Governing § 2254 cases in the United States Courts ("Habeas Rules") are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

8

*States v. Gonzalez,* 192 F.3d 350, 355 (2d Cir. 1999), and *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).

A federal prisoner is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … that has not been credited against another sentence." 18 U.S.C. § 3585(b)(2).

**IV.     Discussion**

    **1.     Parties' Contentions**

Respondent contends that the BOP "correctly concluded [Petitioner's] federal incarceration commenced on his SDFL federal incarceration debt on [March 1, 2018]." (Doc. 18 at 3). Second, Respondent contends Petitioner's claim of credit for state time he served on three Florida state criminal cases against his federal term are unfounded as Petitioner remained under Florida state primary jurisdiction throughout the claimed period (August 21, 2014, through his sentencing in federal court on March 1, 2018) and during the WHCAP period, Petitioner received Florida state custody credit against his state incarceration debts. (*Id.* at 4). Third, Respondent argues that Petitioner, having received Florida state custody credit against his state incarceration debts, is barred under 18 U.S.C. § 3585(b) from receiving double custody credit against his federal sentence. (*Id.*). Fourth, Respondent contends that nothing in the record indicates Petitioner's federal sentence can or should run concurrently with any state sentence. To the contrary, Respondent cites a letter of correspondence from the BOP to Petitioner dated September 24, 2024, in which the BOP acknowledges Petitioner's request for time credit and notes that the sentencing court clarified in a post-sentencing order that Petitioner's federal sentence should not run concurrently with Petitioner's state sentences. (*Id.* at 5) (citing Doc. 18-1, Attachment 18). Lastly, Respondent argues that Petitioner falsely claimed that he is entitled to federal custody credit offset for the WHCAP period, and in response to Petitioner's contention that his state sentence was vacated or *nolle pros*, Respondent points out that on February 11, 2025, the Florida state court issued an order denying Petitioner's vacatur motion. (*Id.*) (citing Hodges Decl. ¶ 11).

In his opposition, Petitioner contends that he was turned over to federal custody on August 19, 2014, and that he was "never booked in the federal holding ([Palm Beach County Jail]) under

9

any State type prisoner." (Doc. 21 at 1). He argues that he was in federal custody since November 29, 2012, when he was placed "in the federal holding county jail" and that "[t]here is no record as to whether [he] was under State custody" or that he was "ever returned to State custody." (*Id.*). Petitioner points to the "BOP computation data sheet" that states his "date of offense" is "August 19, 2014." (*Id.*) (citing Doc. 18 at 49-51). Petitioner contends that he should be credited for time served under 18 U.S.C. § 3585(a) and (b).

### 2. Analysis

Because Petitioner's habeas petition challenges the execution of his sentence based on the BOP's denial of his request through the formal administrative remedy process for an award of credit for time served in federal custody, the petition is properly brought pursuant to 28 U.S.C. § 2241. (*See* Doc. 1 at 2); *Zavala*, 785 F.3d at 370 n.3 (citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)).

Upon review of the record and the chronology of Petitioner's state and federal proceedings, the Court concludes that Petitioner was held in primary state custody from October 29, 2012—the date Petitioner was arrested by Florida state law enforcement for prior state offenses and warrants—to March 1, 2018—the date Petitioner completed his multiple Florida state incarceration debts. *See* (Doc. 18-1 at 9, Attachment 1) (Palm beach County Sheriff's Office Booking Fact Sheet; Petitioner booked on October 29, 2012); (*Id.* at 26-27, Attachment 8) (USM-129 Individual Custody/Detention Report; Petitioner in custody from August 21, 2014, to March 1, 2018, via WHCAP).

"As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991). And as the Ninth Circuit has explained, "a sovereign, which has the paramount right to proceed with trial and sentence and which at the same time has custody of a defendant, may yield up the body to another sovereign and consent to trial of the defendant upon a subsequent charge by the latter and, of course, upon a prior charge." *Strand v. Schmittroth*, 251 F.2d 590, 595 (9th Cir. 1957). "A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free." *Johnson v. Gill*, 883 F.3d 756, 765 (9th Cir. 2018).

10

The first sovereign here was the State of Florida. While in the custody of the Palm Beach County Jail in West Palm Beach, Florida, the United States District Court for the Southern District of Florida issued a WHCAP on August 19, 2014. Hodge Decl. ¶ 5; (Doc. 18-1 at 28, Attachment 6) (WHCAP issued on August 19, 2014); (*Id.* at 30, Attachment 7) (SDFL arrest warrant dated July 15, 2014, indicating Petitioner "was arrested on [August 21, 2014]" via the "WHCAP issued to PBSO[.]"). From the date the WHCAP was issued, Petitioner was held in federal custody "on loan" pursuant to the WHCAP, and therefore the State of Florida maintained primary jurisdiction over Petitioner up to the completion of his state sentence. *See United States v. Brown*, 875 F.3d 1235, 1239 (9th Cir. 2017); *Silvas-Rodriguez v. Apker*, No. 1:18-cv-00620-SKO (HC), 2018 WL 6809435, at *4 (E.D. Cal. Dec. 27, 2018) ("When an accused is transferred pursuant to a [WHCAP] he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (citing *Brewer*, 923 F.2d at 1367) (quotation and citation omitted). Thus, Petitioner's contention that his federal sentence commenced when federal authorities took custody of him pursuant to the WHCAP on August 19, 2014, is incorrect. *Apker*, 2018 WL 6809435 at *3 ("[T]aking a [petitioner] in state custody to federal court pursuant to a WHCAP does not constitute the commencement of a sentence under federal law.") (citing *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998)). After the completion of his Florida state sentence on March 1, 2018, Florida's priority terminated, and Petitioner was provided to federal authorities. *See Johnson*, 883 F.3d at 765; (Doc. 18-1 at 46, Attachment 13) (State of Florida Department of Corrections' interest was closed on March 1, 2018).

Turning to the issue of time credits, Petitioner is entitled only to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … *that has not been credited against another sentence*." 18 U.S.C. § 3585(b)(2) (emphasis added). As the record shows, Petitioner was credited Florida state custody credit for time served during the WHCAP period against his state incarceration debts. (Doc. 18-1 at 39, Attachment 11) (Petitioner credited for 1,949 days in state case 12-11680); (*id.*, Attachment 13) (Florida Department of Corrections document reflecting that Petitioner received 1,949 days jail credit in state case 12-11680 which ran concurrent to state case 12-12804 for which he received

11

1,825 days jail credit, and that the State's interest was closed on March 1, 2018). Because Petitioner already received state credit for the time he served on his state sentence, he is barred from an award of credit for his prior custody on his federal sentence under § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("[W]hen [Congress] enacted § 3585(b) … [it] made clear that a [petitioner] could not receive a double credit for his detention time."); *e.g.*, *United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995) ("[The Ninth Circuit] reject[s petitioner's] argument that the 476 days he spent in custody pursuant to a federal writ should have been credited toward his federal sentence. That time *was* credited toward his state sentence.") (emphasis original); *Apker*, 2018 WL 6809435, at *4 ("Petitioner already received state credit for the time he served on his state sentence. … As such, an award of credit … would violate the plain language of § 3585(b) and is barred.").

Petitioner contends in his petition that because a state court judge granted his motion to withdraw "any and all plea that had result[ed] in a sentence[,]" he is entitled to receive credit "for all time spent in official detention." (Doc. 1 at 6). However, Petitioner's claim that his state sentence was withdrawn is without factual support. "Exhibit C" attached to Petitioner's petition (Doc. 1 at 48) reflects a state court order granting a motion to withdraw and appointing regional counsel, not the withdrawal, vacatur, or *noelle pros* of any state sentence. Respondent cites to "Attachment 24" which purports to be a state court order denying Petitioner's vacatur motion on February 11, 2025 (Doc. 18 at 5), however, no such attachment appears in the record. Notwithstanding Respondent's error, Petitioner has failed to offer any evidence his state sentence was vacated, withdrawn, or *noelle pros* such that he is entitled to federal custody credit for any time served.

Accordingly, upon review of the record, Petitioner's petition challenging the execution of his sentence based on the BOP's failure to award time credits is without merit, and the undersigned therefore will recommend that Respondent's motion to dismiss be granted and Petitioner's § 2241 petition be dismissed with prejudice.

///

///

**V.      Conclusion, Order, and Recommendations**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 23) is DENIED WITHOUT PREJUDICE.

And IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. 18) be GRANTED and this action be dismissed with prejudice.

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 20, 2025**                           _____
                                                                            UNITED STATES MAGISTRATE JUDGE